## SUMMERS v. CAMPBELL et al. (No. 6613.)

(Court of Civil Appeals of Texas. Austin. June 13, 1923. Rehearing Denied Oct. 3, 1923.)

**1. Appeal and error ☞773(3)—Brief filed before submission of case held filed in time.**

Where a brief was filed and replied to by appellee before submission of the case, the appeal will not be dismissed for failure to file the brief in time.

**2. Appeal and error ☞564(2)—Statement of facts filed before time for filing transcript expired held filed in time.**

Under Rev. St. 1911, art. 2073, as amended, a statement of facts filed before the time for filing transcript had expired *held* filed in time.

**3. Fraud ☞31—Remedies available.**

One suing on contracts induced by fraud may elect to rescind, or, in the event a rescission cannot be had, sue for damages for the difference in value of the property received and that which he should have received under the contract had no fraud been practiced.

**4. Appeal and error ☞781(6)—Appellee held not entitled to dismissal of appeal though appellant had settled controversy as to coappellee.**

Where appellee was sued for rescission of a contract and for cancellation of certain deeds of trust, and, in the alternative, for damages for false representations if a rescission and cancellation could not be had, so that, in the event of a reversal of the case, he was still liable in the suit for damages, and hence an interested party, *held*, that he was not entitled to a dismissal of the appeal merely because his coappellee, who had not joined in the motion to dismiss, had settled his differences in the litigation as to matters in which appellee was not interested.

**5. Exchange of property ☞8(1)—Charge authorizing rescission of contract of exchange because of fraud in execution of subsequent deed of trust held properly refused.**

Where plaintiff sought to cancel for fraud a contract of exchange of property and a deed of trust subsequently executed, refusal of a charge authorizing rescission of the whole transaction for fraud in the subsequent deed of trust *held* proper, because that fraud could only affect the cancellation of the deed of trust or be material on the question of damages if the deed of trust had been transferred to an innocent purchaser, in so far as it affected the land embraced therein.

**6. Mortgages ☞78—Breach of agreement not to consider deed of trust lien on property held breach of trust or contract rather than fraudulent transaction.**

A breach by defendant of his promise that a deed of trust executed by plaintiff would not be considered as an incumbrance *held* nothing more than a breach of trust or contract, rather than a transaction sounding in fraud, where the parties were dealing at arm's length, and plaintiff knew the deed executed by him constituted a lien upon his property.

Appeal from District Court, Coryell County; J. R. McClellan, Judge.

Suit by J. A. Summers against R. L. Campbell and another. Judgment for defendants, and plaintiff appeals. Affirmed.

T. R. Mears, of Gatesville, for appellant.
Watt L. Saunders and Stinnett & Stinnett, all of Gatesville, for appellees.

BLAIR, J. This suit was filed by appellant, J. A. Summers, against appellees, R. L. Campbell and A. A. Jeffres, primarily for the cancellation of certain deeds and deeds of trust, executed by the parties to each other, in a contract of exchange of properties, because of the alleged fraud of Campbell in making the trade for the exchange of properties, and, in the alternative, for damages, if a rescission and cancellation of the contract, deeds, etc., could not be had.

Appellant alleged that Campbell represented a gin he traded him to be in good condition, and the machinery to be practically new, etc., when, in fact, it was old and worn, and would not gin cotton as represented. He alleged further that, in executing a deed of trust to secure the notes for the difference in the price of the property exchanged by appellant and the gin received, he signed a deed of trust upon 39 acres of land not included in the original transaction, and, upon protest, Campbell agreed that he would not consider the notes a lien upon said 39 acres of land. Appellant further alleged that Jeffres knew of this fraud, and that he entered into a conspiracy with Campbell, and had the notes and deeds of trust transferred to him so as to claim same as an innocent puchaser, for value.

Both Campbell and Jeffres answered by general and special denial, and Jeffres pleaded that he was a purchaser of the notes, before maturity, for value, and without notice of the fraud, and filed his cross-bill, praying judgment for the amount of his notes and foreclosure of the deed of trust lien upon the property securing the same.

A trial was had before a jury, and upon a general charge a verdict was returned in favor of all the appellees and against appellant, and that he take nothing by his suit, and that appellee Jeffres have judgment for his debt, as evidenced by the notes, and for a foreclosure of his deed of trust lien upon the property described. Upon this verdict the trial court rendered judgment as directed, whereupon appellant filed his motion for a new trial, which was overruled, and he appeals.

☞For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

The facts are that appellant and appellee Campbell traded certain real estate, including Campbell's cotton gin, and Campbell was due a difference in value of the properties exchanged, the sum of $2,500, for which appellant executed his notes, secured by a deed of trust on the gin property, and also on 39 acres of land belonging to appellee, which was not a part of the trade in exchange of properties, which deed and notes were transferred to A. A. Jeffres by Campbell, before maturity, for a valuable consideration, and without notice of any defense against them.

The issues of fact joined were that Campbell had fraudulently and falsely represented the condition of the gin, and that the 39 acres, though described in the deed of trust, were not in fact security for the debt, and that it was agreed that it would not be so considered and that Jeffres was not an innocent purchaser of the notes. Upon all these issues of fact the jury found against appellant, and we find their verdict is supported by sufficient evidence to sustain it.

[1] Along with the submission of this case, we took under consideration appellee Campbell's motion to dismiss the appeal herein. He was not joined in the motion to dismiss by appellee Jeffres. The motion stated as grounds for dismissal: First, because appellant's brief was not filed in time as required by law and the rules of this court. This we do not sustain, because it was filed before the submission of the case, and appellee Campbell replied thereto before the date of the submission by filing his brief in this court, showing thereby that no injury resulted by reason of the delay.

[2] The second ground urged is that a statement of facts was not filed in time required by law. The record shows that the statement of facts was filed before the time for filing the transcript had expired. Article 2073, as amended, provides that it is legal to file a statement of facts as long as it is legal to file a transcript in the appellate court. City of Aransas Pass v. Eureka Fire Hose Mfg. Co. (Tex. Civ. App.) 227 S. W. 330.

[3, 4] The third ground urged for the dismissal is because it is alleged that appellant has settled the judgment rendered against him in favor of Jeffres since the appeal of the case, and that it should be dismissed for want of matters in controversy. Appellee Jeffres did not join in this motion to dismiss. Appellee Campbell attached to his motion to dismiss certified copies of deeds of trust recorded in Coryell county, which recite that they are given in consideration of the settlement of the judgment rendered in this cause in favor of Jeffres. Campbell was sued herein for a rescission of a contract and for cancellation of certain deeds and deeds of trust, because they were ob-

tained by fraud. He was also sued in the alternative for damages, if the contract could not be rescinded, and the deeds and deeds of trust could not be canceled. It is evident, therefore, that, should we reverse this case, the suit for damages for false representation of the condition of the gin would still be pending against Campbell. One suing on contracts induced by fraud may elect to rescind, or, in the event a rescission cannot be had, may sue for damages for the difference in value of the property received and that which he should have received under the contract had no fraud been practiced. Campbell is therefore, still an interested party, and liable in this suit in case of a reversal, and would not be entitled to a dismissal of the appeal because other parties to the suit who had not joined in the motion to dismiss had settled their differences in the litigation, being matters which the record discloses Campbell was not interested in. The motion to dismiss the appeal is therefore overruled.

[5] The record proper only presents one question for our determination. The appellant contends that the court erred in failing to charge the jury affirmatively on all of the issues raised by the pleadings and the evidence. This matter was raised by objections to the court's charge in not incorporating the matters complained of as being left out, and in refusing to give a special requested charge by appellant, incorporating such alleged matters. The special charge is as follows:

"Now should you find from a preponderance of the evidence that at the time said trade in question, as defined in the main charge, was made, and that the same was procured by the fraudulent matters pleaded by plaintiff, and as defined in the court's main charge, and that the said defendant, Campbell, caused the deed of trust to Dan E. Graves to be executed by the plaintiff by telling plaintiff that same would not incumber his said 39 acres of land, and that he (Campbell) would see that same did not incumber said 39 acres of land, and that said deed of trust was procured by the fraud of the said R. L. Campbell, as defined in main charge, then, in that event, you will find for the plaintiff. And should you further find that the defendant Jeffres had knowledge of said fraud, as defined in main charge, and as herein defined, then you will find for plaintiff against both R. L. Campbell and A. A. Jeffres."

We think the court correctly refused the special requested charge, because the evidence shows that the deed of trust to the 39 acres of land was executed after the written contract and agreement of the parties had been entered into as to the exchange of their properties, and therefore could not have been an inducing cause of the trade which is sought to be rescinded. As will be seen from the special charge, it is, at least, confusing and misleading, in that it prac-

tically tells the jury that, if they believe the execution of the deed of trust on the 39 acres was procured by fraud, then, and in that event, the whole contract would be vitiated, and they would find for the appellant against the appellee Campbell, and, in the event appellee Jeffres knew of it, they would also find against him. Appellant would not be entitled to a rescission of the contract because of the alleged fraud in obtaining the execution by him of the deed of trust on the 39 acres of land after the contract had been entered into, as being an inducing cause for his executing the original contract, and it could therefore only affect the cancellation of the deed of trust, or for damages, if it had been transferred to an innocent purchaser, in so far as it affected the 39 acres of land; and this requested charge failing to limit it to that extent would have been erroneous. The trial court presented generally all issues of fraud to the jury by instructing them that they would have, in their deliberation, appellant's petition, which they should examine for the purpose of ascertaining the various allegations of fraud, and, in the event they found that the proof sustained the allegations by a preponderance of evidence, then to find for appellant against the appellees. The court also specifically enumerated the matters pleaded as fraud concerning the condition of the gin and the machinery therein, which was the only matter under the contract that would have entitled appellant to a rescission and cancellation of the contract and deeds of trust as to the whole transaction.

[6] Appellant would have been entitled to a special charge limiting his recovery to a cancellation of the deed of trust to the 39 acres, or to damages, if he had shown that the execution of the same was induced by fraud; but the special charge requested did not so limit the recovery, and therefore it was not error to refuse it. We are of the opinion, aside from the question raised above, that no fraud was shown to exist which caused the execution of the deed of trust on the 39 acres of land. Appellant testified that he signed the deed of trust with full knowledge that it contained a description of the 39 acres of land owned by him, and not a part of the property involved in the transaction, and that he called the attention of appellee Campbell to this fact, and, upon the promise or agreement or representation that Campbell, who was beneficiary under the deed of trust, would not consider it a lien or incumbrance upon the 39 acres, he agreed to sign the deed of trust. The parties were dealing at arm's length, and appellant, knowing positively the character of the instrument executed, and that it constituted a lien upon his property, notwithstanding executed the instrument, under the promise or agreement that it would not be considered as an incumbrance or lien upon the land. The later breach of this promise or agreement would be nothing more than a breach of trust or contract, rather than a transaction sounding in fraud.

We are of the opinion that there is no error in this judgment; and the same is affirmed.

Affirmed.